UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
GABRIELA FERCANO,

                            Plaintiff,                     **COMPLAINT**

   -against-

RICHMOND IHOP LLC and JHONG U. KIM,      **ECF CASE**

                        Defendants.
------------------------------------------------------------------ X

       Plaintiff Gabriela Fercano ("plaintiff" or "Fercano"), by her attorneys Pechman Law Group PLLC, complaining of defendants Richmond IHOP LLC, and Jhong U. Kim (collectively, "defendants"), alleges:

## NATURE OF THE ACTION

       1.    This action is brought to recover overtime compensation, spread-of-hours pay, and statutory penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

       2.    Gabriela Fercano, a non-salaried "manager" at Richmond IHOP, was consistently required to work in excess of forty hours per workweek without being paid overtime.

       3.    Fercano was paid a day rate, or shift pay, as a manager and therefore she was not a salaried employee exempt from the provisions of the FLSA and NYLL. Moreover, Fercano was subjected to partial day deductions and did not have the hiring or firing authority that would warrant her being classified as exempt from overtime compensation under the FLSA and NYLL. As such, Fercano was denied overtime compensation for the hours she worked in excess of forty per workweek.

       4.    Fercano also did not receive spread-of-hours pay when the length of her workday exceeded ten hours.

5. Defendants also failed to furnish plaintiff with annual wage notices and accurate wage statements. For the majority of plaintiff's employment, defendants paid plaintiff in cash without any accompanying statements.

6. Plaintiff seeks compensation for unpaid wages, unpaid overtime pay, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

7. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Richmond IHOP is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

9. Plaintiff Gabriela Fercano resides in Staten Island, New York.

10. Defendants employed Fercano from February 13, 2005 until July 20, 2015.

11. Fercano is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12. Richmond IHOP LLC owns and operates an IHOP restaurant located at 935 Richmond Avenue, Staten Island, New York 10314. At all relevant times, Richmond IHOP has been owned, operated and controlled by Richmond IHOP LLC and Jhong U. Kim.

13. Richmond IHOP LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Richmond IHOP LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Richmond IHOP LLC has an annual gross volume of sales projected to be in excess of $500,000.00.

16. Defendant Jhong U. Kim ("Kim") is an owner of Richmond IHOP.

17. Kim exercised sufficient control over Richmond IHOP's operations to be considered plaintiff's employer under the FLSA and NYLL.

18. Kim made personnel decisions at Richmond IHOP, including disciplining employees, hiring employees, terminating employees, setting employee wages, and setting work schedules.

## PLAINTIFF'S FACTUAL ALLEGATIONS

19. Defendants hired Fercano as a dishwasher in February 2005. Fercano was subsequently promoted to garnish prepper, hostess, server, and finally to the position of manager in 2006.

20. As a manager, Fercano did not have the authority to hire or fire employees, and did not make suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees.

21. Richmond IHOP had two work shifts for its staff: the morning shift which was from 6:30 a.m. to 4:00 p.m., and the evening shift which was from 4:00 p.m. to 11:00 p.m.

22. In 2009, Fercano was paid at a rate of $90 per shift.

23. In 2010, Fercano was paid at a rate of $100 per shift.

3

24. From 2011 through 2012, Fercano was paid at a rate of $115 per shift.

25. From 2013 through July 20, 2015, Fercano was paid at a rate of $130 per shift.

26. From in or about 2009 through March 2011, Fercano primarily worked six to eight shifts per week, approximately between six to seven morning shifts and at least one afternoon shift. During this time, Fercano worked from fifty-four to seventy hours per week.

27. From March 2011 through June 2015, Fercano regularly worked the morning shift six days per week, for a total of approximately fifty-four hours per week.

28. In July 2015, Fercano regularly worked the morning shift five days per week. During this time, Fercano worked forty-five hours per week.

29. In the event that Fercano had to leave early, or only worked part of her shift, defendants made partial-day deductions from Fercano's pay for that shift.

30. For example, on April 30, 2015, $58 was deducted from Fercano's shift pay when she left work approximately two and a half hours early to register her daughter at school.

31. Defendants regularly made deductions from Fercano's pay if the register was short of sales during her shift.

32. Defendants did not pay plaintiff overtime wages, as required by the FLSA and the NYLL, for all hours she worked in excess of forty per week.

33. Defendants did not pay Fercano the spread-of-hours pay of an additional hour's pay at the minimum wage for every day that her workday spanned more than ten hours.

34. Defendants failed to furnish Fercano with annual wage notices.

35. Defendants failed to furnish Fercano with accurate statements of wages, hours worked, rates paid, and gross wages.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

36. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

37. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages for all hours she worked in excess of forty in a workweek.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiff's compensation.

39. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

40. Due to defendants' violations of the FLSA, plaintiff is entitled to recover her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

41. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

42. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one (1½) half times the regular rate of pay for all hours worked in excess of forty.

43. Defendants failed to pay plaintiff the overtime wages to which she is entitled to under the NYLL.

44. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

45. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover her unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

46. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

47. Defendants willfully failed to pay plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which she worked more than ten hours.

48. By defendants' failure to pay plaintiff spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

49. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### FOURTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

50. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

51. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

52. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

53. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement accurately listing: the regular rate, and the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

54. In violation of NYLL § 191, defendants failed to furnish to plaintiff at the time of hiring, whenever there was a change to plaintiff's rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

7

55. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

56. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

57. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (New York Labor Law – Unlawful Deductions)

58. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

59. New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

60. Defendants demanded or accepted, directly or indirectly, or retained a portion of plaintiff's wages by deductions for cash shortages.

61. By defendants' knowing or intentional demand for, acceptance of, and/or retention of plaintiffs wages, defendants willfully violated the NYLL and the supporting New York State Department of Labor Regulations.

62. As a result of defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants her misappropriated wages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

c. declaring that defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that defendants' violations of the FLSA and NYLL were willful;

e. awarding plaintiff unpaid overtime wages and spread-of-hours compensation;

f. awarding plaintiff damages for unlawful deductions;

g. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

h. awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

i. awarding plaintiff pre- and post-judgment interest under the NYLL;

    j.  awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

    k.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
   December 9, 2015

             PECHMAN LAW GROUP PLLC

             By: _____
               Louis Pechman
               Washcarina Martinez Alonzo
               488 Madison Avenue, 11th Floor
               New York, New York 10022
               (212) 583-9500
               pechman@pechmanlaw.com
               martinez@pechmanlaw.com
               *Attorneys for Plaintiff*